UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, and THE NEW
YORK CITY AND VICINITY CARPENTERS LABOR
MANAGEMENT COOPERATION FUND, by MICHAEL
J. FORDE, and PAUL O'BRIEN, as TRUSTEES, AND
MICHAEL J. FORDE AS EXECUTIVE SECRETARY-
TREASURER, DISTRICT COUNCIL FOR NEW YORK
CITY AND VICINITY, UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA,

08 CV 3799 (SAS)
ECF CASE

**AFFIDAVIT OF COUNSEL
IN SUPPORT OF
DEFAULT JUDGMENT**

                                        Plaintiffs,

            -against-

RODGERS CONSTRUCTION & HOME IMPROVEMENT,

                                        Defendant.
-------------------------------------------------------------------------X

STATE OF NEW YORK    )
                                     ) ss:
COUNTY OF NEW YORK  )

        ANDREW GRABOIS, Esq. being duly sworn, deposes and says,

        1.        I am associated with the firm of O'Dwyer & Bernstien, LLP, attorneys for

plaintiffs ("Funds") in the above captioned action.  I am familiar with all the facts and

circumstances in this action.

2.     I submit this affidavit in support of plaintiffs' motion for default judgment against Rodgers Construction & Home Improvement ("Defendant"), confirming an arbitration award against the Defendant, dated March 24, 2008.

3.     Upon information and belief Defendant is a corporation and not an infant, in the military or an incompetent.

4.     Subject matter jurisdiction of this action is based upon Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, Sections 502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), Section 515 of ERISA, 29 U.S.C. §1145, and Section 9 of the Federal Arbitration Act, 9 U.S.C. §9.

5.     Plaintiffs brought this action to collect unpaid employee benefit fund contributions from Defendant, which were due and owing to plaintiffs pursuant to a collective bargaining agreement ("Agreement") between the Defendant and the District Council for New York City and Vicinity, United Brotherhood of Carpenters and Joiners of America.

6.     Defendant has failed to remit benefit fund contributions to the Funds for hours worked by employees as required under the Agreement.

7.     Pursuant to the arbitration clause of the Agreement, the dispute was submitted to arbitration to Roger Maher, the duly designated impartial arbitrator.  Thereafter, upon due notice to all parties, the arbitrator held a hearing and rendered his award, in writing, dated March 24, 2008 determining said dispute.  Upon information and belief, a copy of the award was sent to the defendant.

8.     The arbitrator found that Defendant was required to pay to the Funds $49,228.21, plus interest at the rate of ten percent (10%) per annum from the date of the award.  (A copy of

the award is annexed hereto as Exhibit "A").

9.      Plaintiffs seized an escrow in the amount of $7,477.99 towards the principal

amount due.  Otherwise, the defendant has failed to abide by the award.

10.      Plaintiffs commenced this action on April 22, 2008 by filing a summons and

complaint.  (A copy is annexed hereto as Exhibit "B").  Plaintiffs subsequently served the

summons and complaint together with the Judge's rules upon Defendant by delivering one (1)

true copy of the same to the Secretary of the State of New York on April 28, 2008, pursuant to

Section 307 of New York Business Corporation Law and an affidavit of service was filed with

the Court on May 14, 2008.  (A copy is annexed hereto as Exhibit "C").  Plaintiffs completed

service by mailing one (1) true copy thereof by registered mail with return receipt requested at

the last known address of the corporation known to the plaintiffs on April 25, 2008 and an

affidavit of service was filed on May 14, 2008.  (A copy is annexed hereto as Exhibit "D").

11.      Defendant has failed to answer or appear or move with respect to the complaint

and the time to do so has expired.  (A copy of the Clerk's Certificate is annexed hereto as Exhibit

"E").

12.      Plaintiffs seek a default judgment and order against Defendant and in favor of

plaintiffs as follows:

        a.   confirming the arbitrator's award;

        b.   awarding judgment for the plaintiffs and against Defendant in the principal

            amount of $41,750.22;

        c.   interest of ten percent (10%) per annum on that amount from the date of said

            award, pursuant to the arbitrator's award;

        d.   attorneys' fees and costs arising out of this action as determined by the

court. (An Affidavit of Services is annexed hereto as Exhibit "F" and a

proposed Default Judgment is annexed hereto as Exhibit "G");

e.   such other and further relief as this Court may deem just and proper;

_____
ANDREW GRABOIS (AG 3192)

Sworn to before me this
27th day of May, 2008

_____
NOTARY PUBLIC

ROBERT DUNNE
Notary Public, State of New York
No. 02DU6115098
Qualified in New York County
Commission Expires August 30, 2008

## OFFICE OF THE IMPARTIAL ARBITRATOR

**ROGER E. MAHER**
IMPARTIAL ARBITRATOR
------------------------------------------------------------------------x
**In the matter of the Arbitration between**

The New York District Council of Carpenter Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Vacation Fund, New York City District Council of Carpenters Annuity Fund, New York City District Council of Carpenters Apprenticeship, Journeyman, Retraining, Educational & Industry Fund, New York City District Council of Carpenters Charity Fund, The New York and Vicinity Carpenters Labor Management Cooperation Fund, by Michael J. Forde and Paul O'Brien, as Trustees and Michael J. Forde as Executive Secretary-Treasurer, District Council for New York City and Vicinity, United Brotherhood Carpenters and Joiners of America.

Petitioners,

|  | **MODIFIED OPINION AND DEFAULT AWARD OF ARBITRATOR** |

-against-

**Rodgers Construction & Home Improvement,**
**Respondent**
------------------------------------------------------------------------x

Pursuant to the provisions of the Collective Bargaining Agreement between the Respondent-Employer and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, effective 07/01/2001, and the designation of the undersigned as Impartial Arbitrator to determine disputes concerning claim arising from payments due to the Benefit Funds described in said written contract, the undersigned Arbitrator was called upon to hear and determine a controversy involving claims by the Petitioners for sums of money allegedly due to said Benefit Funds by the Respondent.

In accordance with the terms of the underlying written agreement, the Civil Practice Law and Rules of the State of New York and the herein Notice of Intention to Arbitrate dated 01/15/2008, the undersigned by Notice of Hearing dated 01/23/2008, scheduled a hearing for 02/29/2008, in order to determine the dispute between the parties.

## OPINION

On 02/29/2008, at the place and time designated at the aforesaid Notice of Hearing, Steven Kasarda, Esq., appeared on behalf of the Petitioners and submitted proof that the Respondent-Employer had legally sufficient notice of this proceeding and the claims against. There being no appearance on behalf of the Respondent nor any request for an adjournment or extension of time to appear, the undersigned found the Respondent to be in default and proceeded to hear the testimony and take evidence on the claims of the Petitioners.

The uncontroverted testimony and evidence established that the Respondent was bound to a Collective Bargaining Agreement with the New York City District Council of Carpenters and said Agreement became effective 07/01/2001. This Contract obligated the Respondent-Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the Agreement. In addition, it authorized the Petitioners to conduct an audit of the Respondent-Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Petitioners. In accordance with this auditing provision, an accountant employed by the Petitioners, with the consent of the Respondent, performed an audit of the books and records of the Respondent herein.

The testimony of the auditor employed by the Petitioners, established that an audit of the books and records of the Respondent had been performed and delinquencies were discovered in the amount of contributions due the aforesaid Funds during the period of 10/29/2002 through 12/31/2003. The testimony further revealed that a copy of the Summary Report of this audit had been forwarded to the Respondent. Thereafter the Petitioners duly demanded payment and upon the Respondent's failure to comply this proceeding was initiated.

The testimony of the auditor set forth the accounting method employed during the course of the audit and the computation of the amount of each alleged delinquency. The Summary Report of the audits conducted were also received in evidence. The total amount of the delinquency and interest was Forty Nine Thousand Two Hundred Twenty Eight & 21/100 dollars ($ 49,228.21). The Petitioners requested that the monies due (including delinquency assessment and interest) plus their Attorney's fee, and the fee of the Arbitrator and court costs be imposed upon the Respondent all as required and set forth in the underlying written contract. Testimony computing these amounts was received in evidence.

## AWARD

Upon the substantial and credible evidence of the case as a whole I find the Respondent-Employer, Rodgers Construction & Home Improvement, is delinquent in Fringe Benefit monies due under its written agreement and is also obligated to pay delinquency assessment and interest on its delinquency, plus an attorney's fee to the Petitioners and the fee of the undersigned Arbitrator, and court costs all in accordance with the terms and provisions of the Collective Bargaining Agreement in the following amounts:

| | | |
|---|---|---:|
| Welfare Fund............................ | $ | 8,333.60 |
| Pension Fund............................ | $ | 5,390.27 |
| Annuity Fund............................ | $ | 4,742.40 |
| Vacation Fund.......................... | $ | 4,012.80 |
| AJREI Fund.............................. | $ | 331.45 |
| School Fund.............................. | $ | 0.00 |
| Labor Management Fund............. | $ | 142.05 |
| IBC Fund................................. | $ | 56.82 |
| Charity Fund............................. | $ | 37.88 |
| Interest.................................... | $ | 22,256.10 |
| Court Costs.............................. | $ | 375.00 |
| Attorney's Fee.......................... | $ | 1,500.00 |
| Arbitrator's Fee......................... | $ | 500.00 |
| Audit Fee ................................ | $ | 1,450.00 |
| Promo Fee ............................... | $ | 99.84 |
| **TOTAL** | $ | **49,228.21** |

3

Wherefore, the Trustees of the New York City District Council Carpenters Benefit Funds are awarded an aggregate amount of Forty Nine Thousand Two Hundred Twenty Eight & 21/100 dollars ($ 49,228.21) which is to be paid forthwith by Rodgers Construction & Home Improvement with interest to accrue at the rate of 10% from the date of this award.

Dated: Brooklyn, New York
      March 24, 2008

                                            **ROGER E. MAHER,** Arbitrator

To:    Steven Kasarda, Esq.
       New York City District Council Carpenters Benefit Funds
       395 Hudson Street
       New York, New York 10014

       Thomasina Caba
       New York City District Council Carpenters Benefit Funds
       395 Hudson Street
       New York, New York 10014

       Rodgers Construction & Home Improvement
       518 North Cascade Street
       New Castle, PA 16101
       Joseph Rodgers, Pres.

## AFFIRMATION

STATE OF NEW YORK  )
COUNTY OF KINGS  )
The undersigned under penalty of perjury affirms that he is the Arbitrator in the within proceeding and signed same in accordance with arbitration law of the State of New York.

_____
ROGER E. MAHER

JUDGE SCHEINDLIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY FUND,
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, UNITED BROTHERHOOD OF CARPENTERS AND
JOINERS OF AMERICA FUND and THE NEW YORK CITY
AND VICINITY CARPENTERS LABOR-MANAGEMENT
CORPORATION, by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES, and MICHAEL J. FORDE AS EXECUTIVE
SECRETARY-TREASURER, DISTRICT COUNCIL FOR NEW
YORK CITY AND VICINITY, UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA,



08 CV _____

CIV 3799

**SUMMONS**

                                    Plaintiffs,

        -against-

RODGERS CONSTRUCTION & HOME IMPROVEMENT,

                                    Defendant.
-------------------------------------------------------------------------------X

TO:
        Rodgers Construction & Home Improvement
        518 North Cascade Street
        New Castle, PA 16101

**YOU ARE HEREBY SUMMONED** and required to file with the clerk of this court and serve upon

        O'DWYER & BERNSTIEN, LLP
        52 Duane Street
        New York, New York 10007
        (212) 571-7100

an answer to the complaint which is herewith served upon you, within **30 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

APR 22 2008

**J. MICHAEL McMAHON**

CLERK                                              _____
                                                   DATE

BY DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERSANNUITY FUND,
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, UNITED BROTHERHOOD OF CARPENTERS AND
JOINERS OF AMERICA FUND and THE NEW YORK CITY
AND VICINITY CARPENTERS LABOR MANAGEMENT
CORPORATION, by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES, AND MICHAEL J. FORDE AS EXECUTIVE
SECRETARY-TREASURER, DISTRICT COUNCIL FOR NEW
YORK CITY AND VICINITY, UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA,

'08 CIV 3799

08 CV_____

**COMPLAINT**

RECEIVED
APR 2 2 2008
U.S.D.C. S.D.N.Y.
CASHIERS

                                    Plaintiffs,

            -against-

RODGERS CONSTRUCTION & HOME IMPROVEMENT,

                                    Defendant.
-------------------------------------------------------------------------X

        Plaintiffs, (hereinafter also referred to as "Benefit Funds"), by their attorneys O'Dwyer &

Bernstien, LLP, for their Complaint allege as follows:

                        **NATURE OF THE CASE**

        1.      This is an action to confirm and enforce an Arbitrator's Award rendered pursuant

to a collective bargaining agreement ("Agreement") between The District Council of New York

City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and

Rodgers Construction & Home Improvement ("Employer").

                        **JURISDICTION**

2.    This Court has subject matter jurisdiction over this proceeding pursuant to section

301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections

502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"),

29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and

section 9 of the Federal Arbitration Act, 9 U.S.C. §9.

3.    Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C.

§1132(e)(2).

## VENUE

4.    Venue is proper in this district in that Plaintiffs' offices are located in this district.

## PARTIES

5.    At all times relevant herein the Plaintiffs were jointly administered, multi-

employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by

employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C.

§186(c)(5).  Plaintiffs Forde and O'Brien are fiduciaries of the Benefit Funds within the meaning

of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6.    The Benefit Funds are employee benefit plans within the meaning of sections 3(1)

and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing

health, medical and related welfare benefits, pension and other benefits to eligible participants

and beneficiaries on whose behalf they receive contributions from numerous employers pursuant

to collective bargaining agreements between the employers and the Union.

7.    Upon information and belief defendant Rodgers Construction & Home

Improvement is a foreign corporation not incorporated under the laws of the State of

Pennsylvania with a principal place of business located at 518 North Cascade Street, New Castle,

PA 16101.

2

8.    The defendant is an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. §1002 (5).

## FIRST CLAIM FOR RELIEF

9.    Defendant was bound at all relevant times by a collective bargaining agreement with the Union, which, by its terms, became effective July 1, 2001.  Said Agreement provides, inter alia, that the defendant shall make monetary contributions to the Benefit Funds on the behalf of covered employees, and for the submission of disputes to final, binding arbitration.

10.    A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with obligations under the Agreement to make contributions for employees in the bargaining unit.

11.    Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Roger Maher, the duly designated impartial arbitrator.

12.    Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated March 24, 2008 determining said dispute.  Upon information and belief, a copy of the award was delivered to the defendant (A copy of the award is annexed hereto as Exhibit "A" and made part hereof).

13.    The arbitrator found that Rodgers Construction & Home Improvement had failed to make contributions due to the Benefit Funds for the period October 29, 2002 through December 31, 2003, in the principal amount of $49,228.21.

14.    The arbitrator also found that Rodgers Construction & Home Improvement was required to pay interest on the principal amount due at the rate of 10% per annum from the date of the award.

15.    While $7,477.99 of the $49,228.21 ordered by the arbitrator has been collected,

defendant has failed to abide by the award and $41,750.22 remains due and owing.

WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1.      For an order confirming the arbitration award in all respects;

2.      For entry of judgment in favor of the Plaintiffs and against Rodgers Construction & Home Improvement ordering defendant to pay the Benefit Funds a total sum of $41,750.22, plus 10% interest per year from the date of the award to the date of entry of judgment;

3.      For attorneys' fees and costs of this action;

4.      For such other and further relief as this court may deem just and proper.

Dated:  New York, New York
        April 21, 2008

ANDREW GRABOIS (AG 3192)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

4

## AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

Index #  08 CIV 3799

Purchased/Filed: April 22, 2008

STATE OF NEW YORK          UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT

_The New York City District Council of Carpenters Pension Fund, et al_     Plaintiff

against

_Rodgers Construction & Home Improvement_     Defendant

STATE OF NEW YORK          SS.:
COUNTY OF ALBANY

_____Jessica Miller_____ , being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on _____April 28, 2008_____ , at _2:00pm_ , at the office of the

Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons and Complaint with Exhibits and Judges Rules

on

_____Rodgers Construction & Home Improvement_____ , the

Defendant in this action, by delivering to and leaving with _____Chad Matice_____ ,

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the

Office of the Secretary of State of the State of New York, _1_ true copies thereof and that at the time

of making such service, deponent paid said Secretary of State a fee of _40_ dollars; That said service

was made pursuant to Section _307 Business Corporation Law_ .

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office

of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said

defendant.

Description of the person served:  Approx. Age: _28_  Approx. Wt: _200_  Approx. Ht: _6'0"_

Color of skin: _White_  Hair color: _Brown_  Sex: _M_  Other: _____

Sworn to before me on this

_1st_ day of _____May, 2008_____

DONNA M. TIDINGS
NOTARY PUBLIC, State of New York
No. 01TI4898570, Qualified in Albany County
Commission Expires June 15, 2011

Jessica Miller

Invoice•Work Order # SP0804152

**SERVICO. INC. - PO BOX 871 - ALBANY. NEW YORK 12201 - PH 518-463-4179**

STATE OF NEW YORK        )
                                                    SS.:
COUNTY OF NEW YORK    )

RICH GAGE, being sworn, says:  I am not a party to the action, am over 18 years of age and reside in Brooklyn, New York.  On the 25th day of April, 2008, I served plaintiffs' **SUMMONS and COMPLAINT and JUDGES' RULES** to the following party by depositing a true copy thereof in a post-paid wrapper, registered mail with return receipt requested, in an official depository under the exclusive care and custody of the United States Postal Service within New York State, addressed to the following persons at the last known address set forth after each name below:

TO:    Rodgers Construction & Home Improvement
        518 North Cascade Street
        New Castle, PA 16101

RICH GAGE

Sworn to before me this
9th day of May, 2008

NOTARY PUBLIC
        ROSA FALLON
    Commissioner of Deeds
City of New York - No. 2-12032
    Qualified in Kings County
Commission Expires Jan 01, 20__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, and THE NEW YORK
CITY AND VICINITY CARPENTERS LABOR
MANAGEMENT COOPERATION FUND, by
MICHAEL J. FORDE, and PAUL O'BRIEN, as TRUSTEES
and MICHAEL J. FORDE AS EXECUTIVE
SECRETARY-TREASURER, DISTRICT COUNCIL FOR
NEW YORK CITY AND VICINITY, UNITED
BROTHERHOOD OF CARPENTERS AND JOINERS,
OF AMERICA,

08 CV 3799 (SAS)
ECF CASE

**CLERKS
CERTIFICATE**

                                Plaintiffs,

           -against-

RODGERS CONSTRUCTION & HOME IMPROVEMENT,
                         Defendant.
------------------------------------------------------------------------X

    I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern

District of New York, do hereby certify that this action commenced on April 22, 2008 by filing of the

Summons and Complaint, and a copy of the Summons and Complaint having been served on the

defendant, Rodgers Construction & Home Improvement, on April 28, 2008, by delivering one (1)

true copy thereof to Chad Matice, an authorized clerk in the Office of the Secretary of State of the

State of New York, and proof of service being filed on May 14, 2008, and by registered mail to

Rodgers Construction & Home Improvement, 518 North Cascade Street, New Castle, PA 16101 on

April 25, 2008, and proof of service being filed on May 14, 2008.

I further certify that the docket entries indicate that the defendant has not filed an answer or otherwise moved with respect to complaint herein.  The default of the defendant is hereby noted.

Dated: _5/22/08_
        New York, New York

J. MICHAEL MCMAHON
Clerk of the Court

By:

Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, and THE NEW
YORK CITY AND VICINITY CARPENTERS
LABOR MANAGEMENT COOPERATION FUND,
by MICHAEL J. FORDE and PAUL O'BRIEN,
as TRUSTEES, and MICHAEL J. FORDE, as EXECUTIVE
SECRETARY-TREASURER, DISTRICT COUNCIL
FOR NEW YORK CITY AND VICINITY, UNITED
BROTHERHOOD OF CARPENTERS AND JOINERS
OF AMERICA,

08 CV 3799 (SAS)
ECF CASE

**AFFIDAVIT OF
SERVICES**

                                 Plaintiffs,

                       -against-

RODGERS CONSTRUCTION & HOME IMPROVEMENT,

                                 Defendant.
------------------------------------------------------------------------X
STATE OF NEW YORK           )
                            :SS.:
COUNTY OF NEW YORK          )

ANDREW GRABOIS, being duly sworn, deposes and says:

1. I am a member of the Bar of this Court and am associated with the firm of O'Dwyer &

Bernstien, LLP, attorneys for plaintiffs herein and submit this affidavit in support of the instant

application for default judgment and order.

2. On April 21, 2008, Rich Gage, a paralegal in this office, drafted and revised a complaint, cover sheet and other required documents. He spent 0.5 hours on this matter at a billing rate of $125.00 per hour for a total of $62.50 in attorneys' fees.

3. On April 21, 2008, your deponent reviewed and finalized the aforementioned documents. I spent 0.5 hours at a billing rate of $350.00 per hour for a total of $175.00 in attorneys' fees.

4. On April 22, 2008, Mr. Gage prepared and filed the aforementioned documents with the Clerk of the Court. He spent 1.0 hours at a billing rate of $125.00 per hour for a total of $125.00 in attorneys' fees.

5. On April 22, 2008, Mr. Gage prepared and filed the aforementioned documents on the Electronic Case Filing system. He spent 0.5 hours on this matter at a billing rate of $125.00 per hour for a total of $62.50 in attorneys' fees.

6. On April 22, 2008, Mr. Gage prepared and mailed the aforementioned documents for service of process through the Department of State. He spent 0.5 hours on this matter at a billing rate of $125.00 per hour for a total of $62.50 in attorneys' fees.

7. On April 25, 2008, Mr. Gage prepared and mailed the aforementioned documents for service of process registered mail. He spent 1.0 hours on this matter at a billing rate of $125.00 per hour a total of $125.00 in attorneys' fees.

8. On May 14, 2008, Mr. Gage prepared and filed the affidavits of service with the Court and on the ECF system. He spent 1.0 hours on this matter at a billing rate of $125.00 per hour for a total of $125.00 in attorneys' fees.

9. On May 27, 2008, Ian Henderson, a paralegal in this office, drafted the required default documents, including a proposed judgment and order and affidavit of services rendered. He spent a total of 4.0 hours on this matter at a billing rate of $200.00 per hour for a total of $800.00 in attorneys' fees.

10. On May 27, 2008, your deponent reviewed and finalized the aforementioned default documents. I spent 0.5 hours on this matter at a billing rate of $350.00 per hour for a total of $175.00 in attorneys' fees.

11. The cost of the process server to effectuate service of process was $74.00.

WHEREFORE, deponent respectfully requests allowance of attorneys' fees in the sum of $1,712.50 and costs arising out of this action in the amount of $74.00 for a total of $1,887.50.

ANDREW GRABOIS (AG 3192)

Sworn to before me this
27th day of May, 2008

_____
NOTARY PUBLIC

ROBERT DUNNE
Notary Public, State of New York
No. 02DU6115098
Qualified in New York County
Commission Expires August 30, 2008

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS PENSION FUND, NEW
YORK CITY DISTRICT COUNCIL OF
CARPENTERS WELFARE FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS
VACATION FUND, NEW YORK CITY                                    08 CV 3799 (SAS)
DISTRICT COUNCIL OF CARPENTERS                                  ECF CASE
ANNUITY FUND, NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS APPRENTICESHIP,                           **DEFAULT JUDGMENT**
JOURNEYMAN RETRAINING, EDUCATIONAL
AND INDUSTRY FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, and THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR-MANAGEMENT
COOPERATION FUND, by MICHAEL J. FORDE
and PAUL O'BRIEN, as TRUSTEES, and MICHAEL J.
FORDE, as EXECUTIVE SECRETARY-TREASURER,
DISTRICT COUNCIL FOR NEW YORK CITY AND
VICINITY, UNITED BROTHERHOOD OF CARPENTERS
AND JOINERS OF AMERICA,

                                        Plaintiffs,

                    -against-

RODGERS CONSTRUCTION & HOME IMPROVEMENT,

                                        Defendant.
-------------------------------------------------------------------------X

        This action having been commenced on April 22, 2008 by the filing of a Summons and

Complaint, and a copy of the Summons and Complaint having been served on the defendant Rodgers

Construction & Home Improvement on April 28, 2008 by delivering one (1) true copy of the same to

the Secretary of the State of New York, pursuant to Section 307(b) of New York Business Corporation

Law, and a proof of service having been filed on May 14, 2008, and by registered mail on April 25,

2008, and proof of service having been filed on May 14, 2008, and the defendant not having answered

the Complaint, and the time for answering the Complaint having expired, and the Clerk of the Court

having issued its certificate of default on May 22, 2008, it is

ORDERED, ADJUDGED AND DECREED: That the Plaintiff have judgment against

Defendant, pursuant to the arbitration award, in the principal amount of $41,750.22 plus interest of ten

percent (10%) per annum from the date of said award, March 24, 2008, through the date of entry of

this judgment, totaling _____, in addition to attorneys' fees and costs in the amount of

$1,887.50 for a total of _____.


Dated: _____
       New York, New York


                                        _____
                                        Honorable Shira A. Scheindlin
                                        United States District Judge

                                        This document was entered on the docket
                                        on _____.

STATE OF NEW YORK        )
                                            :SS.:
COUNTY OF NEW YORK    )

IAN K. HENDERSON, being duly sworn, deposes and says:  I am not a party to the action, am over 18 years of age and reside in Brooklyn, New York.  On the 28th day of May, 2008, I served plaintiffs' **NOTICE OF MOTION and SUPPORTING DOCUMENTATION** to the following party by depositing a true copy thereof in a post-paid wrapper, in an official depository, under the exclusive care and custody of the United States Postal Service within New York State, addressed to the following person at the last known address set forth after the name below:

TO:    Rodgers Construction & Home Improvement.
          518 North Cascade Street
          New Castle, PA 16101

IAN K. HENDERSON

Sworn to before me this
28th day of May, 2008

NOTARY PUBLIC

ANDREW GRABOIS
Notary Public, State of New York
No. 02GR6127051
Qualified in New York County
Commission Expires May 23, 2009